O

# United States District Court
# Central District of California

JONATHAN DEAN-ADOLPH,

　　　　　Plaintiff,

　　v.

MERCEDES-BENZ USA, LLC, a
Delaware Limited Liability Company,

　　　　　Defendant.

Case № 2:21-cv-08834-ODW-(JEMx)

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS AND STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT [20, 22]**

## I.　INTRODUCTION

Defendant Mercedes-Benz USA, LLC moves to dismiss, and strike portions of, Plaintiff Jonathan Dean-Adolph's Complaint.　(Am. Mot. Dismiss and/or Strike ("Mot." or "Motion"), ECF No. 22.)　For the reasons discussed below, the Court **GRANTS** in **PART** and **DENIES** in **PART** the Motion.[1]

## II.　BACKGROUND

On May 17, 2021, Dean-Adolph bought a used 2018 Mercedes-Benz GLE350W (the "Subject Vehicle").　(Compl. ¶ 2, ECF No. 1.)　Plaintiff alleges that the Subject Vehicle had defects, including "engine, structural, suspension, steering,

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument.　Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

and electrical system defects." (*Id.* ¶ 3.)   On November 4, 2021, Dean-Adolph brought this suit against Mercedes-Benz alleging: (1) breach of express warranty; (2) breach of implied warranty; and (3) violation of section 1793.2(b) of California's Song-Beverly Consumer Warranty Act (the "Song-Beverly Act").   On December 22, 2021, Mercedes-Benz moved to dismiss Dean-Adolph's Complaint for failure to state a claim under Federal Rule of Civil Procedure ("Rule") 12(b)(6) and, alternatively, for improper forum shopping. (*See generally* Mot.)   Mercedes-Benz also moved to strike certain damages from the Complaint pursuant to Rule 12(f).   (*Id.*)   As explained below, the Court grants with leave to amend Mercedes-Benz's Motion to Dismiss for failure to state a claim and denies Mercedes-Benz's Motion to Dismiss for improper forum shopping.  The Court also denies as moot Mercedes-Benz's Motion to Strike.

## III.        LEGAL STANDARD

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police De't*, 901 F.2d 696, 699 (9th Cir. 1988). "To survive a motion to dismiss . . . under Rule 12(b)(6), a complaint generally must satisfy only the minimal notice pleading requirements of Rule 8(a)(2)" by including a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003); *see also* Fed. R. Civ. P. 8(a)(2).  The "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (The "[f]actual allegations must be enough to raise a right to relief above the speculative level."). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (Quoting *Twombly*, 550 U.S. at 555).

Whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.  A court is generally limited to the pleadings and must construe all

1  "factual allegations set forth in the complaint . . . as true and . . . in the light most
2  favorable" to the plaintiff.  *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (2001).  But
3  a court need not blindly accept conclusory allegations, unwarranted deductions of fact,
4  and unreasonable inferences.  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988
5  (9th Cir. 2001).  When a district court grants a motion to dismiss, it should generally
6  provide leave to amend unless it is clear the complaint could not be saved by any
7  amendment.  *See* Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*,
8  519 F.3d 1025, 1031 (9th Cir. 2008).

9                                    **IV.      DISCUSSION**

10       As discussed below, Dean-Adolph fails to state a claim with respect to each of
11  his three causes of action.   Accordingly, the Court dismisses   Dean-Adolph's
12  Complaint with leave to amend the identified deficiencies.   Additionally, the Court
13  denies Mercedes-Benz's Motion to Dismiss Dean-Adolph's Complaint for improper
14  forum shopping.  Finally, the Court denies Mercedes-Benz's Motion to Strike.[2]

15  **A.     Failure to State a Claim**

16       *1.     Dean-Adolph's First Cause of Action for Breach of Express Warranty*

17       The elements of an action for breach of express warranty under section 1790 of
18  the Song-Beverly Act are:  (1) nonconformity,  (2) presentation,  and  (3) failure  to
19  repair.  *Donlen v. Ford Motor Co.*, 217 Cal. App. 4th 138, 152 (2013).

20              *i.     Nonconformity Element*

21       First, Dean-Adolph must plead that the Subject Vehicle had "a nonconformity
22  covered by the express warranty that substantially impaired the use, value, or safety of
23  the vehicle."  *Donlen*, 217 Cal. App. 4th at 152.  Here, the Complaint simply states
24  there are defects with the "engine, structural, suspension, steering, and electrical
25  system defects."   (Compl. ¶ 3.)    The Complaint contains  no other allegations

26  _____
27  [2] Mercedes-Benz also moves to strike from Dean-Adolph's Complaint the replacement or restitution
    and all related damages claims.  (Mot. 1.)  Because the Court is granting Mercedes-Benz's Motion to
    Dismiss all of Dean-Adolph's causes of action, no viable complaint remains in this action.  Thus, the
28  Court **DENIES** as **MOOT** Mercedes-Benz's Motion to Strike.

1   identifying the nature, source, or symptoms of the defects.  Without these additional

2   details, Dean-Adolph's claim amounts to no more than "a formulaic recitation of the

3   elements of a cause of action." *Iqbal*, 556 U.S. at 678.  Dean-Adolph's bare recitation

4   of the elements of his cause of action is insufficient to successfully plead a claim for

5   relief. *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678.

6        By contrast, in *Gavaldon v. DaimlerChrysler Corp.*, the plaintiff alleged a

7   defect in the transmission that specifically would cause her car to "get stuck" in a

8   certain gear or "shifting hard," causing her vehicle to self-lock at the second gear to

9   avoid further damage to the transmission.  32 Cal. 4th 1246, 1252 (2004).  This level

10  of factual specificity is simply not found in Dean-Adolph's Complaint.   Dean-

11  Adolph's allegations leave both Mercedes-Benz and the Court wondering exactly

12  what was wrong with the Subject Vehicle.  Dean-Adolph thus fails to properly plead

13  the nonconformity element.

14             *ii.     Presentation and Failure to Repair Elements*

15       To properly plead the presentation element, Dean-Adolph must allege facts

16  showing that "the vehicle was presented to an authorized representative of the

17  manufacturer of the vehicle for repair."  *Donlen*, 217 Cal. App. 4th at 152.  For the

18  failure to repair element, he must allege facts showing that "the manufacturer or his

19  representative did not repair the nonconformity after a reasonable number of repair

20  attempts." *Id*.  In pleading the presentation element, Dean-Adolph only alleges he

21  delivered the Subject Vehicle to an authorized Mercedes-Benz repair facility.

22  (Compl. ¶ 26.)  This statement is nothing more than a bare conclusion that simply

23  restates the definition of the presentation element, which is not "enough to raise a

24  right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  Dean-Adolph

25  therefore fails to properly plead the presentation element.  Regarding the failure to

26  repair element, Dean-Adolph generally alleges that the authorized repair facility was

27  unable to conform the Subject Vehicle to the terms of the express warranty after a

28  reasonable number of repair attempts.  (Compl. ¶ 7.)  Dean-Adolph again has simply

restated the element as his allegation, without providing facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  Dean-Adolph therefore fails to properly plead both the presentation and the failure to repair elements.  Accordingly, the Court **DISMISSES** Dean-Adolph's breach of express warranty claim **with leave to amend** the identified deficiencies.

       *2.*    *Dean-Adolph's Second Cause of Action for Breach of Implied Warranty*

The elements of a claim for breach of implied warranty under section 1792 of the Song-Beverly Act are: (1) the plaintiff bought a consumer good (i.e., a good used primarily for personal, family or household purposes) that was manufactured or distributed by the defendant; (2) the defendant was in the business of manufacturing or distributing the particular good to retail buyers; and (3) the consumer good: (a) was not of the same quality as those generally acceptable in the trade; (b) was not fit for the ordinary purposes for which such goods are used; (c) was not adequately contained, packed and labeled; or (d) did not measure up to the promises or facts stated on the container or label.  Cal. Civ. Code § 1792; *see* CACI No.3210; *Gutierrez v. Carmax Auto Superstores Cal.*, 19 Cal. App. 5th 1234, 1246 (2018).

Here, Dean-Adolph fails to properly plead his breach of implied warranty cause of action because he conclusively restates the third element as his allegation—namely, that the Subject Vehicle was not fit for the ordinary purpose for which vehicles are used and that the Subject Vehicle generally had defects.  (Compl. ¶ 37.)  Under *Iqbal*, simply alleging a good was not fit for its ordinary purpose, without alleging case-specific facts showing how the good was unfit—as Dean-Adolph has done—is insufficient.  (Compl. ¶ 37); *see Iqbal*, 556 U.S. at 678.  Again referring to *Gavaldon* as a contrasting example, the plaintiff in that case adequately pleaded this element by alleging that the defect with the transmission was so severe that the car was not drivable past a slow speed and could barely make it to a service repair station.  32 Cal. 4th at 1252.  This level of factual specificity is simply not found in Dean-Adolph's Complaint, and without it, Dean-Adolph fails to state a claim.  Accordingly, the Court

1  **DISMISSES** Dean-Adolph's breach of implied warranty claim **with leave to amend**
2  the identified deficiencies.

3      *3.    Dean-Adolph's Third Cause of Action Under § 1793.2(b)*

4      By way of his third cause of action, Dean-Adolph seeks damages for a violation
5  of section 1793.2(b) of the Song-Beverly Act.  (Compl. ¶¶ 46–59.)  The Ninth Circuit
6  has held that "in order to state a claim under Section 1793.2(b) of the [Song-Beverly
7  Act], a plaintiff must plead that a single repair attempt took the defendant more than
8  30 days to complete."  *Schick v. BMW of N. Am., LLC*, 801 F.App'x 519, 521 (9th Cir.
9  2020).  Here, Dean-Adolph fails to plead facts that demonstrate a claim for relief
10  under section 1793.2(b).  Dean-Adolph alleges that the Subject Vehicle was presented
11  to an authorized repair facility, and that Mercedes-Benz's authorized repair facility
12  failed to conform the Subject Vehicle to the terms in the express warranty within thirty
13  days or commence repairs within a reasonable time.  (Compl. ¶¶ 51–52.)  Again,
14  however, this allegation is merely a recitation of the cause of action itself, and nothing
15  more.  And "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation
16  of the elements of a cause of action will not do.'"  *Iqbal*, 556 U.S. at 678 (quoting
17  *Twombly* 550 U.S. at 555).  Accordingly, the Court **DISMISSES** Dean-Adolph's
18  claim for violation of § 1793.2(b) **with leave to amend** the identified deficiencies.

19  **B.    Forum Shopping**

20      Finally, Mercedes-Benz argues Dean-Adolph's Complaint should be dismissed
21  for improper forum shopping.  (Mot. 10.)  In evaluating forum shopping, courts must
22  consider "whether either party improperly sought more favorable rules in its choice of
23  forum or pursued suit in a new forum after facing setbacks in the original proceeding."
24  *Seneca Ins. Co. v. Strange Land, Inc.*, 862 F.3d 835, 846 (9th Cir. 2017).  "It typically
25  does not constitute forum shopping where a party 'acted within his rights in filing a
26  suit in the forum of his choice'"  *Id.* (quoting *Travelers Indem. Co. v. Madonna*, 914
27  F.2d 1364, 1371, (9th Cir. 1990)).  This is the case "[e]ven where '[t]he chronology of
28  events suggests that both parties took a somewhat opportunistic approach to th[e]

6

litigation'" *Id.* (quoting *R.R. St. & Co. v. Transp. Ins. Co.*, 656 F.3d 966, 981 (9th Cir. 2011)).   Here, Mercedes-Benz argues that Dean-Adolph engaged in improper forum shopping because he initially filed an action in state court, dismissed that action, and subsequently refiled the action with this Court.   (Mot. 3–4.)   Mercedes-Benz argues that Dean-Adolph did so to avoid an unfavorable California state court ruling that would compel his suit to arbitration.   (*Id.* at 4.)   The Court finds that these facts do not constitute improper forum shopping.   *See Nakash*, 882 F.2d at 1417 (finding forum shopping where a party sought a new forum for its claims after three-and-a-half years of litigation that was progressing to its detriment in a different court); *Am. Int'l Underwriters v. Cont'l Ins. Co.*, 843 F.2d 1253, 1259, (9th Cir. 1988) (finding forum shopping where a party removed its case from state court after two-and-a-half years of litigation because it determined the Federal Rules of Evidence were more beneficial to its case).

Mercedes-Benz also sought judicial notice of court records in twelve other actions to substantiate its assertion that Dean-Adolph is engaging in improper forum shopping.[3]   (Req. Judicial Notice ("Request"), ECF No. 21, Ex. 1–12.)   Specifically, Mercedes-Benz cites to twelve actions in which its counsel served as defense counsel, and some of which were against plaintiffs represented by Dean-Adolph's counsel. (*Id.*; Mot. 1.)   Mercedes-Benz argues that these cases demonstrate that "Plaintiff's Counsel is well aware that Defense Counsel and MBUSA have had success winning motions to compel binding arbitration in state court venues across California." (Mot. 1.)   Although the Court grants Mercedes-Benz's Request, the cited cases do not demonstrate that Dean-Adolph is attempting to improperly forum shop in this case.   In fact, none of those cases appear to involve Dean-Adolph and some do not even involve his counsel.   (*See generally* Request; *id.*)   Those cases are entirely separate actions involving different parties and issues and therefore have no bearing

---

[3] A court may take judicial notice of court records in another case.   *United States v. Howard*, 381 F.3d 873, 876 n.1 (9th Cir. 2004).   Because Mercedes-Benz requests judicial notice of twelve other cases, the Court **GRANTS** its Request.

whatsoever on the action at bar.  Thus, the twelve cases do nothing to support a finding of forum shopping.

Dean-Adolph was within his right to voluntarily dismiss his state court action under California Code of Civil Procedure § 581.  Civ. Code § 581(b)(1).  And nothing in the record indicates the Dean-Adolph's state court action was "progressing to its detriment."  *Nakash*, 882 F.2d 1417.  Accordingly, the court **DENIES** Mercedes-Benz's Motion to Dismiss for improper forum shopping.

## V.    CONCLUSION

For these reasons, the Court **GRANTS** in **PART** and **DENIES** in **PART** Mercedes-Benz's Motion.  (ECF Nos. 20, 22.)  The Court **DISMISSES** Dean-Adolph's Complaint, **with leave to amend** as described above.  The Court otherwise **DENIES** the Motion.  If Dean-Adolph chooses to file an Amended Complaint, he shall do so within **twenty-one (21) days** of the date of this Order, in which case Mercedes-Benz shall answer or otherwise respond within **fourteen (14) days** of the filing.  If Dean-Adolph chooses not to amend, then as of the lapse of his deadline to amend, his claims shall be deemed dismissed with prejudice and the case shall be closed.


**IT IS SO ORDERED.**


March 17, 2022


_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**